**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Daniel E. Beard,

      Plaintiff,

    v.                                 Case No. 1:16cv1091

Commissioner of Social Security            Judge Michael R. Barrett

      Defendant.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's January 23, 2018, Report and Recommendation ("R&R") recommending that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 14).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 15).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

Plaintiff maintains that the Magistrate Judge's R&R was in error for the following reasons: (1) the ALJ failed to properly evaluate whether Listing 1.04A in the Listing of Impairments was medically equaled; and (2) the ALJ failed to properly account for all of Plaintiff's mental limitations in determining Plaintiff's residual functional capacity ("RFC").

## I. ANALYSIS

### A. Listing 1.04A

In order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) (citing 20 C.F.R. § 416.924(a); *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987)). However, a claimant is also disabled if her impairment is the medical equivalent of a listing. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii)). Plaintiff acknowledges that the record does not include evidence that he meets all the elements of Listing 1.04A for "disorders of the spine." Instead, Plaintiff maintains that there is evidence that he medically equaled Listing 1.04A.

Listing 1.04A states:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) [.]

20 C.F.R. Subpt. P. Appx. 1, Listing 1.04A.

To be the medical equivalent of a listed impairment, a claimant's impairment must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). The claimant bears the burden of presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in the original).

Plaintiff argues that an expert medical opinion is required on the issue of whether a claimant's impairments are equivalent to a Listing. The Court notes that there is some authority to support this position. *See Weredick v. Comm'r of Soc. Sec.*, No. 16-11694, 2017 WL 4928649, at *3 (E.D. Mich. Aug. 4, 2017), report and recommendation adopted, No. 16-11694, 2017 WL 4112341 (E.D. Mich. Sept. 18, 2017) ("Social Security Ruling 96-6p2 and many decisions from this judicial district, require a medical expert's opinion on the issue of equivalence . . .") (collecting cases). As this Court has explained:

> In general, a medical expert's opinion "is required before a determination of medical equivalence is made." *Retka v. Comm'r of Soc. Sec.*, No. 94-2013, 1995 WL 697215, at *2 (6th Cir. 1995). The Sixth Circuit considers the signature of a state agency physician on a disability determination to be probative evidence that medical equivalence was considered. *Hicks v. Comm'r of Soc. Sec.*, 105 Fed.Appx. 757, 762 (6th Cir. 2004), *quoting* SSR 96-6p, 1996 WL 374180 (July 2, 1996) ("The signature of a State agency medical or psychological consultant ... ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review.").

*Ison v. Acting Comm'r of Soc. Sec.*, No. 2:16-CV-00464, 2017 WL 4124586, at *8 (S.D. Ohio Sept. 18, 2017).

In this case, the record includes Disability Determination forms signed by the two different state agency medical consultants indicating that Plaintiff is not disabled. (Tr. 88-101, 103-116). Therefore, there is probative evidence that medical equivalence was

considered.  Even if adequate support for the ALJ's step-three findings on medical equivalence was lacking, the Sixth Circuit has that found such error was harmless where the plaintiff fails to show that his impairments meet or medically equal in severity any listed impairment.  *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). While Plaintiff insists that he meets all of the criteria except evidence of a positive straight-leg raising test, as the Magistrate Judge pointed out, a March 2011 lumbar MRI does not show root nerve compromise as required by Listing 1.04A.  (Doc. 14, PAGEID # 603).  In addition, an EMG from June of 2011 showed no signs of radicular process or nerve compromise.  (Id. (citing Tr. 305)).  In addition, the ALJ reviewed medical evidence after the date of last insured and found no support for a finding of disabled due to musculoskeletal impairments.  (Tr. 24).  Therefore, the Magistrate Judge did not err in concluding that the ALJ properly evaluated whether Listing 1.04A was medically equaled.

## B.    RFC

Plaintiff argues that the ALJ failed to properly account for all of Plaintiff's mental limitations in determining Plaintiff's RFC.  Plaintiff explains that the ALJ failed to include certain limitations which were found by the state agency psychologists and failed to explain how the ALJ accounted for other limitations in the RFC.

The responsibility for determining a claimant's residual functional capacity rests with the ALJ, not a physician.  *Poe v. Comm'r of Soc. Sec.,* 342 F. App'x 149, 157 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)).  The ALJ need not base his or her RFC determination on a specific medical opinion.  *Id.*  In addition, the ALJ is not required "to discuss those capacities for which no limitation is alleged," or "decide or

discuss uncontested issues." *Delgado v. Comm'r of Soc. Sec.*, 30 Fed.Appx. 542, 547-48 (6th Cir. 2002) (internal citation omitted). Rather, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* at 548.

The Court concludes that the ALJ articulated how he arrived at the RFC determination in this case. Plaintiff argues that the ALJ completely omitted the state agency opinion limiting him to work that does not involve long periods of sustained concentration. However, that limitation was specifically discussed by the ALJ

> As for the opinion evidence, some weight is given to the assessments of the state agency acceptable medical source reviewing consultants (Exhibits 1A and 3A). They limited the claimant to a light exertional level, and opined that he can maintain attention, concentration, persistence, and pace for 1-3 step tasks in an environment *with no demand for fast pace or long periods of sustained concentration.* They opined that the claimant can interact on an infrequent, superficial level with the general public with no over the shoulder supervision. They opined that he would do best in a static environment where changes were minor in scope. The state agency's mental limitations are accommodated by the residual functional capacity finding of this decision, although the undersigned added additional physical limitations in order to fully accommodate the claimant's allegations.

(Tr. 26) (emphasis added).

Therefore, the Magistrate Judge did not err in concluding that the ALJ properly accounted for Plaintiff's mental limitations in determining Plaintiff's residual functional capacity.

## II.   CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's January 23, 2018 R&R (Doc. 14). Accordingly, the decision of the Commissioner is **AFFIRMED** and

this matter is **CLOSED** on the docket of the Court.

       **IT IS SO ORDERED.**

                                */s/ Michael R. Barrett*

                              Michael R. Barrett, Judge
                              United States District Court